Mr. Justice MacLeary did not take part in the decision of this case.

---

RODRÍGUEZ, APPELLANT, *v.* RAMÍREZ ET AL., RESPONDENTS.

## APPEAL from the District Court of Aguadilla.

No. 942.—Decided May 5, 1913.

PLEADINGS—AMENDMENTS—STRIKING OUT PARTIES—AMENDED COMPLAINT.—When the plaintiff strikes out the names of a number of defendants from the complaint he should file a new complaint in the amended form.

CORPORATIONS—COPARTNERSHIP—LIABILITY OF PARTNERS—MERGER OF COPARTNERSHIP INTO CORPORATION—EXCUSSION.—In order that the individual partners may be held liable for debts of a copartnership all remedies must first be exhausted against the property of the copartnership and the fact that a judgment against the corporation which acquired the property of the copartnership and into which the latter was merged by agreement of the partners remains unsatisfied on a *nulla bona* return, does not constitute such exhaustion of remedies unless the charter of said corporation provides that the corporation shall assume all the liabilities of the original copartnership.

ID.—RES JUDICATA—COPARTNERSHIP—MERGER OF COPARTNERSHIP INTO CORPORATION.—When a copartnership is merged into a corporation by agreement of its members and sells its properties to the latter, this fact alone does not imply that the latter is the continuator of the personality of the former, and a judgment rendered against the corporation cannot be pleaded as *res judicata* in another similar action against the members of the defunct copartnership because the required identity of parties defendant is lacking.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellant.

*Mr. Leopoldo Feliú* for defendant Genaro Ramírez.

The other respondents did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case Juan Z. Rodríguez filed an amended complaint against a number of defendants for the recovery of money. Subsequently and by a motion presented to that effect he struck out the names of all such defendants except the ones we have named in the title of this opinion. The complainant should not have confined himself to filing the motion to strike out; but, in accordance with the practice to which we have so frequently drawn the attention of counsel, he should have attached a copy of the complaint with the names omitted.

The amended complaint sets up substantially that the defendants or their privies formed on December 31, 1902, and for the term of four years, a regular general copartnership under the name of "Candelaria y Fraternidad," with the purpose of carrying on salt works. That on May 15, 1903, it was decided by the stockholders to convert the aforesaid copartnership as constituted by them into a stock company the by-laws of which were approved on June 7, 1904. The liquidation of the general copartnership was entrusted to its managing directors, Pedro E. Ramírez, Juan A. Monagas, and Manuel Montalvo, who were also authorized to proceed to the conversion and change of the general copartnership into a stock company and also to record the latter in the registry of corporations. That the said directors appeared for themselves and in the name of other persons before the complainant, then practicing his profession of notary public in Mayagüez as a substitute of the notary Alfredo Arnaldo Sevilla and executed deed No. 96, on August 26, 1904, to carry out the modification of the regular general copartnership "Candelaria y Fraternidad," and its conversion into the new stock company entitled "Porto Rico Salt Company." That on the same day, August 26, 1904, the said directors, Ramírez, Monagas and Montalvo, executed before the plaintiff and in his beforementioned capacity of notary, deed No. 97, forming the new stock company, "Porto Rico Salt Company," for an indefinite period, with its domicile in Porto Rico and its principal office in Mayagüez. That on November 29, 1904, the same gentlemen, Ramírez, Monagas and Montalvo, again appeared before the notary and plaintiff and executed a third deed to make known that the shares of the stockholders which formed the capital of the general copartnership "Candelaria y Fraternidad," and which after transfer became the property of the "Porto Rico Salt Company" were encumbered by a mortgage constituted in favor of The Banco Territorial y Agrícola of Porto Rico, and another in favor of Don Conrado Palau, both amounting to $46,947.06. That as soon as the last

document was finished the complaining notary began to try to obtain the $2,880, the amount of his fees charged in accordance with the regular schedule, but without result. That the complainant then commenced two actions, one against the company "Porto Rico Salt Company," wherein the District Court of Mayagüez on February 13, 1906, ordered the defendants to make payment of the sum claimed with interest and costs, which judgment could not be enforced, inasmuch as The Banco Territorial y Agrícola had already sold all the assets of the company to collect its mortgage credit; and another action was brought against Pedro E. Ramírez, as a director of "The Porto Rico Salt Company," which was dismissed; hence, it appearing that Messrs. Ramírez, Montalvo and Monagas had acted as directors of the regular general copartnership "Candelaria y Fraternidad" by reason of the execution of said deeds, all the partners of said company being therefore individually and collectively responsible to the extent of all their property for the transactions carried out in the name and for account of the company, the plaintiff having brought an action against them for the recovery of the aforesaid $2,880, as fees in connection with the said deeds.

The defendants demurred to the complaint on the ground that it was ambiguous, that the action had prescribed, that the complaint did not state a cause of action and on the grounds of *res judicata*. The court overruled the first two grounds but sustained the demurrer on the ground of the complaint failing to state a cause and on the ground of *res judicata*.

The idea of the complainant seems to be that as "The Porto Rico Salt Company" was the successor of "Candelaria y Fraternidad" and took over the assets of the latter the said company was in effect the legal continuator of the personality or entity of the original partnership, somewhat in the manner as one government succeeds to another. The theory appears to be that as the complainant has exhausted his remedies against the company he can now proceed against

the individual partners that formed the collective partnership "Candelaria y Fraternidad."

The complainant seems to believe that his action against the "Porto Rico Salt Company" was tantamount to an exhaustion of remedies against "Candelaria y Fraternidad," but this is evidently an incorrect theory. The firm of "Candelaria y Fraternidad" is a distinct entity. It was that firm through its directors and shareholders that appeared before the notary, if at all, and its legal responsibility must be fixed before an action arises against its individual members. We think the judgment of the Supreme Court of Spain of December 17, 1873, is applicable, even though the local Code of Commerce is of later date. The principle of the primary responsibility of the partnership still holds according to the present code. It makes no difference that "Candelaria y Fraternidad" has been dissolved and its assets merged in a new company. Before the individual members could be proceeded against the firm or its legal continuators must first be sued. Perhaps the partnership has still some legal existence for purposes of suit, perhaps the liquidators represent the firm; but in any event the suit against the stock company was not the equivalent of a suit against the partnership. That company was entirely a new creation of the law. It had its own law of being with the ready possibility of different officers and a complete change of stockholders. Persons dealing with it did not have to consider its antecedents unless there was something in its charter to that effect.

For the very reason that a corporation is a distinct legal entity we fail to see any reason for sustaining the demurrer on the ground of *res judicata*. "Candelaria y Fraternidad" was a partnership with a definite legal existence, aspect and responsibility. The "Porto Rico Salt Company" was a different entity and hence there was no identity of defendants.

The judgment must be affirmed because the complaint failed to state a cause of action.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.